THE STATE *v.* ANTOINE BENOIT.

A *pardoned* convict can testify in a criminal prosecution, but one who has served out his time of punishment cannot. The endurance of the penalty does not remove the infamy.

The decision in the case of the *State* v. *Sarah Connor*, f. w. c., 7 An. 379, overruled.

In civil matters, under article C. C. 2260, those whom the law deems infamous are not competent witnesses.

Act of 1855 permits convicts to testify for and against each other in lawsuits.

APPEAL from the First District Court of New Orleans, *Hunt* J.
T. W. *Collens*, for appellant.   T. J. *Semmes*, for the State.

VOORHIES, J.   The prisoner was sentenced to death for the crime of murder.

In order to obtain a reversal of this judgment, he sets up as an error of law the ruling of the District Judge, admitting as a witness on behalf of the State, one *Sylvester Beaulieu*, who had been sentenced to hard labor for the crime of horse-stealing, and who, after having undergone his punishment, had been discharged in due course of law.

The objection to the competency of this witness was his infamy,—" which objection," says the bill of exception, " was overruled by the court on the authority of the decision of the Supreme Court in the case of the *State* v. *Sarah Connor*," 7 A. 379. The point decided on that occasion, was that the competency of a witness is restored when he has suffered the penalty of the crime, of which he has been convicted.

The defendant's counsel contends that the ruling in *Gordon's* case is erroneous, and urges upon this court to review the question.

There is no statute upon this subject matter in this State; the competency of witnesses, in a criminal prosecution, must, therefore, be tested by the common law as it existed in the year 1805, when our Territorial Legislature adopted the common law rules of evidence. Act 1805, p. 440, Sec. 33.

If we refer to the elementary writers, we find the rule to be : that a person who has been convicted of a felony and sentenced by a final judgment, becomes incompetent as a witness by reason of his infamy ;—that the infamy results from the nature of the offence, and not from the punishment ;—that the competency is restored by pardon, or by what is in the nature of a statute, pardon, the benefit of clergy ; and that, in no case, the execution of the sentence has that effect. MacNally's evidence, p. 206, 218 ;—Burn's Justice vol, 1, p. 543 ;—Greenleaf's Evidence vol. 1, sec. 372, 377, 378 ;—Wharton, Cr. L. sec. 760 ;—Bouvier *verbo* Infamy ;—Archibald Cr. P. p. 145 ;—Blackstone, vol. 3d, p. 370, vol. iv, p. 374, ;—Roscoe Ev. p. 122.

Before the abolition of the benefit of clergy, says Archibold, " an endurance of the punishment upon the conviction of a clergyable felony had the same effect in restoring competency as an actual pardon. 6 G. 4, c. 25, s. 2. *The effect of this statute after the abolition of the benefit of clergy was doubtful, and therefore it was enacted by stat. 9 G. 4, c. 32, s. 3, that, upon a conviction for any felony not punishable with death, an endurance of the punishment adjudged for the same should have the effect of a pardon under the great seal as to the felony,"* (p. 146. See also Roscoe Cr. Ev. p. 124.)

The doubts entertained, (" respecting the civil rights of persons convicted of felonies, not capital, who have undergone the punishment to which they have been adjudged," had no reference to what was the law previously to the year 1805 ; but they had arisen from statutory enactments passed since that period. The 9th statute of George iv, c. 32, was a consolidation of the various statutes, which had been enacted on that subject ;—Roscoe p. 124 ;—and, in England, is an authoritative exposition of the common law, as modified by those statutes. If taken as an original statute, it certainly can have no effect here; and even if a declaratory statute, it is entitled to no authority in our courts but its moral weight. This, however, would leave the question precisely where it was before ; and we would yet have to ascertain, whether, previously to 1805, the common law had been so amended by Parliament that incompetency by reason of infamy was removed by having undergone the punishment. The statute which made this restoration of such incompetent witnesses was the 6th George iv. c. 25. This Act, which also treated of other matters connected with this subject, was followed by the 7th and 8th of George IV, c. 28, and finally by the 9th of the same reign, c. 32, of which special mention is above made. To no antecedent Acts of Parliament are convicts indebted for a restoration of their competency as witnesses, by reason of their having undergone the adjudged punishment.

The consequence is that, in this State, unpardoned convicts cannot testify in a criminal prosecution. But " it shall be lawful to receive the testimony of convicts for or against each other in any suit which may occur in any of the courts of this state." Acts 1855, p. 208, s. 3. And, in civil matters, under article C. C. 2260, those whom the laws deem infamous are not competent witnesses.

We conclude that, as it is not the punishment, but the nature of the crime, that renders the convict infamous, the endurance of the penalty does not remove

the infamy ; and that such being the common law at the time of its adoption by our territorial Legislature, this rule of evidence was engrafted upon our jurisprudence, and is yet obligatory upon our courts.

We consequently overrule the case of the *State* v, *Sarah Gordon*, [*Connor*] upon which ruling the District Judge admitted *Sylvester Beaulieu*, f. m. c. as a witness on behalf of the prosecution against the accused *Antoine Benoit*, f. m. c.

It is, therefore, ordered and decreed, that the verdict of the jury and the judgment of the District Court be reversed ; and that this cause be remanded for a new trial in due course of law.

LAND, J., absent, concurring.